IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN ANTOP TECHNOLOGY CO. LTD., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 24-cv-11248 ) ) |
| ANTENNAS DIRECT, INC., | ) ) |
| Defendants. | ) ) ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT
OF PATENT INVALIDITY AND NONINFRINGEMENT**

Plaintiff Shenzhen ANTOP Technology Co. Ltd. ("Plaintiff" or "Antop"), for its declaratory-judgment complaint against Defendant Antennas Direct, Inc. ("Defendant" or "Antennas Direct"), upon actual knowledge for itself and its acts and upon information and belief for all other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This action concerns U.S. Patent No. 8,884,839 ("'839 Patent") (Exhibit 1). According to USPTO records, the '839 Patent is currently assigned to Antennas Direct. Moreover, Defendant has represented that the original patent assignee previously assigned the '839 Patent to Motennas, LLC, and Motennas, LLC has assigned the patent right to the Defendant. Moreover,

2. Defendant has asked Amazon.com to remove the listings of third-party sellers distributing amplified HDTV antenna products supplied by Plaintiff on grounds that they infringe the '839 Patent. Specifically, Defendant has asked Amazon to remove the following listings associated with Amazon case ID: 16428187271:

34388357.1

| Seller | Seller ID | Storefront | Brand | ASIN |
|---|---|---|---|---|
| NIKOLOZ KAPANADZE | A3JW2R0GTCV36C | NiklShop | gesobyte | B0DGLWWDNY |
| 1byone Products Inc | A26IMHULYH7PHY | 1byone Products Inc. | 1byone | B00IF70QCW |
| W&G GOLBAL ELECTRONICS INC | A26I79OO3YFR4X | W&G GLOBAL ELECTRONICS INC | WGGE | B08CWZ273C |

3. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that the '839 Patent is invalid under at least 35 U.S.C. §§ 102 and 103.

4. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Plaintiff's antenna products, including but not limited to those sold by third-party sellers listed above, do not infringe the '839 Patent and thus Plaintiff does not infringe the same, whether directly, contributorily, or vicariously.

5. Antennas Direct had filed a prior patent-infringement case in this Court asserting the same patent against Antop and Antop's customers selling the same or similar antenna products supplied by Antop. *See Motennas, LLC & Antennas Direct, Inc. v. Schedule A*, C.A. No. 1:23-cv-16058 (N.D. Ill.). After Antop moved for reconsideration regarding preliminary injunction (taken by the Court as a motion to vacate the preliminary injunction), Antennas Direct voluntarily dismissed all defendants in this prior case.

## PARTIES

6. Plaintiff Antop is a limited-liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in Shenzhen, China.

34388357.1

7. On information and belief, Defendant Antennas Direct is a corporation organized and existing under the laws of Missouri, with a principal place of business at 16388 Westwoods Business Park, Ellisville, MO 63021.

## **JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq*.

9. An actual case or controversy exists between the parties to this action. Defendant has alleged to Amazon.com that sellers of Plaintiff's products infringe the '839 Patent, and on that basis, initiated procedures to remove those product listings under the Amazon Patent Evaluation Express (APEX) program, accorded Amazon case ID: 16428187271. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq. *See SnapRays, LLC dba SnapPower v. Lighting Defense Group*, 100 F.4th 1371, 1375–77 (Fed. Cir. 2024); *Mitek Systems, Inc., v. United States Automobile Association*, 34 F.4th 1341, 1334 (Fed. Cir. 2022); *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008).

10. Venue is proper in this Court under 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant, because the Defendant directly targeted Plaintiff's business activities toward consumers in the United States, including the Northern District of Illinois, through Amazon.com. *SnapRays, LLC dba SnapPower v. Lighting Defense Group*, 100 F.4th 1371, 1375–77 (Fed. Cir. 2024). Specifically, Plaintiff's product is sold throughout the United States, including to residents of Illinois and Defendant targeted those sales by asking Amazon to remove listings for those products. Thus, Defendant knew it would impact Plaintiff's

sales nationwide, including in Illinois. For these reasons, Defendant is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

11. In addition, Venue is proper in this Court and this Court may properly exercise personal jurisdiction over Defendant because Defendant had filed a prior patent-infringement case in this Court asserting the same patent against Antop customers selling the same or similar antenna products supplied by Antop.

## FACTUAL BACKGROUND

12. Plaintiff designs and manufactures antenna products, including amplified HDTV antenna products. Plaintiff's antenna products are sold in the United States and around the world by various distributors and sellers under various brand names via various e-commerce vendors, such as Amazon.com. An example product is shown below:



13. To power its antenna products, Plaintiff developed various power charging techniques, including charging through power adapters, charging through coaxial signal cable, charging through USB ports, or the combination thereof. As early as 2010, Plaintiff's predecessor company had made and sold antenna products with USB power charging ports to provide power

supply to the antenna amplifier. Such products were exhibited, demonstrated, and sold/offered for sale at the 2010 Consumer Electronics Show (CES) held in Las Vegas.

14. The '839 Patent was filed November 30, 2012 and issued November 11, 2014. The '839 Patent contains a total of six claims, claims 1-6, with claims 1 and 4 being independent claims. However, these claims seek patent rights on antenna power charging technologies that were well-known and widely in the art. The subject matter claimed in the '839 Patent had already been disclosed by a number of published literatures as well as products in public use and/or on sale prior to the filing date of the '839 Patent.

15. In particular, claim 4 of the '839 Patent recites:

> 4. A antenna system for providing amplified over-the-air television signals to a display device, comprising:
>
> an OTA antenna element;
>
> an amplifier;
>
> a power supply circuit integrated with said amplifier;
>
> a power cable to connect said power supply circuit of said amplifier to a power source; and
>
> a coaxial cable connecting said antenna element to said amplifier, and a second coaxial cable to connect said amplifier to a display device.

16. Tellingly, the scope of this claim encompasses even the admitted prior art that is described in the '839 Patent, for example, shown in its FIG. 2 (annotated below).



FIG. 2
(PRIOR ART)

17. A large amount of additional prior art exists that anticipates or renders obvious the '839 Patent. For example, to just name a few, U.S. Patent No. 8174457B1 (Exhibit 2), filed on January 23, 2009 and issued on May 8, 2012; U.S. Patent Publication No. US20080309565A1 (Exhibit 3) filed June 16, 2008 and published on December 18, 2008; U.S. Patent No. 7783270B1 (Exhibit 4), issued on August 24, 2010; U.S. Patent No. 5896183A (Exhibit 5), issued on April 20, 1999; and Taiwanese Patent Publication No. TWM344632U (Exhibit 6[1]), published on November 11, 2008, individually or in combination, have also disclosed all the claimed designs of the '839 Patent.

---

[1] Attached as Exhibit 7 is a machine translation to English available on Google patents.

34388357.1

## COUNT I: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,884,839

18. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

19. All claims of the '839 patent are invalid under at least 35 U.S.C. §§ 102, 103 on grounds, including but not limited to, the following.

20. Claims 1–6 are anticipated or rendered obvious by applicant admitted prior art.

21. At least claims 1–3 are anticipated or rendered obvious by US8174457B1, US7783270B1, and US5896183A, individually or in combination.

22. At least claims 4–6 are anticipated or rendered obvious by US20080309565A1, and Taiwanese patent application publication TWM344632U, individually or in combination.

23. There is an actual, present, substantial, and justiciable controversy between Plaintiff and Defendant, which have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24. Defendant seeks, and is entitled to, a judgment declaring that all claims of U.S. Pat. No. 8,884,839 are invalid.

## COUNT II: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,884,839

25. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

26. All claims of the '839 Patent are not infringed by the Antop products under Amazon ASINs B0DGLWWDNY, B00IF70QCW, B08CWZ273C, which are sold by NIKOLOZ KAPANADZE, 1byone Products Inc, and W&G GOLBAL ELECTRONICS INC, respectively.

34388357.1

27. The abovementioned products would not infringe under any claim construction that Defendant might promote to avoid invalidity.

28. Plaintiff is also entitled to the prior-use defense provided under 35 U.S.C. § 273 because of its prior commercial use of the subject matter of the purported invention in the '839 Patent. Antop's predecessor company had exhibited, demonstrated, and sold/offered for sale an OTA antenna product with an amplifier module having a USB power charging ports to provide power supply to the antenna amplifier, at 2010 Las Vegas CES trade show.

29. There is an actual, present, substantial, and justiciable controversy between Plaintiff and Defendant, which have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30. Defendant seeks, and is entitled to, a judgment declaring that all claims of U.S. Pat. No. 8,884,839 are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B. Declaring that all claims of Defendant's '839 Patent are invalid.

C. Declaring that Plaintiff's products under the abovementioned ASINs and substantially similar products do not infringe the '839 Patent.

D. Finding that this case is exceptional and ordering the Defendant to pay all Plaintiff's costs and attorneys' fees associated with this action under 35 U.S.C. § 285.

E. Ordering Defendant to refrain from making any complaints of infringement of the '839 Patent with e-commerce vendors, and immediately revoke any such complaint that has been so made.

F. Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the '839 Patent against Plaintiff's resellers and Plaintiff's products under the abovementioned ASINs and substantially similar products.

G. Ordering Defendant to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

H. Ordering e-commerce vendors, including but not limited to Amazon, not to remove product listings of Plaintiff's products identical or substantially similar to the products in the abovementioned ASINs in response to any complaint from Defendant and/or based on the '839 Patent, and restore any listing that has been so removed.

I. Awarding damages to Plaintiff from Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

J. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

K. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages.

L. Awarding pre- and post- judgment interest.

M. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on any and all issues properly so triable.

Dated: October 31, 2024

Respectfully submitted,

*/s/ Nicholas A. Kurk*
Stephen J. Rosenfeld
Nicholas A. Kurk
MCDONALD HOPKINS LLC
300 N. LaSalle Street Suite 8390
Chicago, Illinois 60654

34388357.1

Phone: 312.642.6103
srosenfeld@mcdonaldhopkins.com
nkurk@mcdonaldhopkins.com

Mandy Song, Ph. D. (VA #83340)
Gavin Ye, Ph. D. (VA #90212)
Kris Teng (*PHV application forthcoming*)
BAYES PLLC
8260 Greensboro Dr., Suite 625
McLean, VA 22102
(703) 995-9887
Email: mandy.song@bayes.law
gavin.ye@bayes.law
kris.teng@bayes.law

*ATTORNEYS FOR PLAINTIFF*
*Shenzhen ANTOP Technology Co. Ltd.*

10